**AMERICAN DRUGGISTS' INSURANCE COMPANY, Respondent,**

v.

**George L. SHOPPE, Jr., et al., Appellants,**

**MLE Plumbing & Heating, Inc., Defendant.**

**No. C2–89–1078.**

Court of Appeals of Minnesota.

Nov. 28, 1989.

Mark R. Miller, Minneapolis, for respondent.

Roger A. Nurnberger, Minneapolis, for appellants.

Heard, considered, and decided by GARDEBRING, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellants George and Elaine Shoppe challenge the trial court's grant of summary judgment in favor of respondent American Druggists' Insurance Company. Appellants argue the trial court erred because (1) there was no consideration for the parties' indemnity agreement, and (2) respondent's claim is barred by the Statute of Frauds, Minn.Stat. § 513.01 (1980). We affirm.

## FACTS

In April 1979, MLE Plumbing & Heating, Inc. (MLE) entered into a contract with the City of Park Falls, Wisconsin, to construct the Park Falls Municipal Building. Appellant George Shoppe was a major shareholder in MLE. On April 11, 1979, respondent, as surety, issued payment and performance bonds for the benefit of MLE, principal under the bonds, naming the City of Park Falls, as bond obligee. The amount of the bonds was $199,814.

On February 13, 1980, appellants executed an indemnity agreement. They agreed to indemnify respondent for any expenses respondent incurred due to the execution of the payment and performance bonds.

Later, as the result of MLE's default on the Park Falls construction project, respondent incurred expenses by paying suppliers and contractors of MLE and completing construction of the municipal building. Respondent's total expenses were $114,266.74, exclusive of attorney fees and costs incurred during this litigation. It is undisputed respondent incurred these expenses. Respondent seeks indemnification for these expenses from appellants under the February 13, 1980, indemnity agreement.

In early 1986, respondent served its complaint on appellants. On October 20, 1988, respondent moved for summary judgment, and the trial court granted the motion. Appellants then moved to vacate the summary judgment, but the trial court denied their motion.

## ISSUES

1. Did consideration exist to support the enforcement of the indemnity agreement?

2. Did the indemnity agreement inadequately express consideration in violation of Minn.Stat. § 513.01?

## ANALYSIS

On appeal from summary judgment, we must determine whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979); Minn.R. Civ.P. 56.03. We view the evidence in the light most favorable to the nonmoving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

I.

*Consideration*

Appellants claim that the indemnity agreement is unenforceable because no consideration existed for its signing. The agreement was executed on February 3, 1980, nine months after respondent issued the payment and performance bonds in favor of MLE. Since respondent was bound by its bond undertaking, appellants assert issuance of bonds could not serve as consideration for the subsequent indemnity agreement. We disagree.

The rules governing the requisites, validity and construction of contracts are applicable to indemnity agreements. *Chicago, Milwaukee, St. Paul & Pacific Railroad Co. v. Famous Brands, Inc.,* 324 F.2d 137, 140 (8th Cir.1963). An indemnity contract requires consideration. *See Elk River Concrete Products Co. v. American Casualty Co.,* 268 Minn. 284, 294, 129 N.W.2d 309, 316 (Minn.1964). *Elk River* controls our disposition of this case. In *Elk River,* the supreme court stated:

The performance of an action by [the indemnitee] which it was not legally obligated to perform in exchange for [the indemnitor's] agreement to indemnify it in event of loss gives the required consideration.

*Id.* Here, respondent issued performance bonds, which it was not obligated to do, in exchange for appellants' signing the indemnity agreement nine months later. Based on *Elk River,* we hold that the issuance of the bonds by respondent constitutes sufficient consideration to support the indemnity agreement.

In reaching this result, we conclude respondent's issuance of payment and performance bonds in April 1979 and appellants' signing of the indemnity agreement in February 1980 constituted a unitary act. Where contracts relating to the same transaction are put into several instruments, they will be read together with reference to each other. *Anchor Casualty Co. v. Bird Island Produce,* 249 Minn. 137, 146, 82 N.W.2d 48, 54 (1957). Since we conclude the two agreements were part of the same transaction, respondent's bond undertaking provides the necessary consideration for appellants' subsequent indemnity agreement.

Language in the indemnity agreement justifies this conclusion. First, the introduction to the indemnity agreement, signed by appellants, explicitly refers to the payment and performance bonds issued by respondent:

> This Agreement of Indemnity, made and entered into This 13th day of February, 1980, is executed by the undersigned for the purpose of indemnifying THE AMERICAN DRUGGISTS' INSURANCE CO. as hereinafter mentioned in connection with any Bonds written on behalf of MLE Plumbing & Heating, Inc. * * *.

Moreover, in the definition section of the indemnity agreement, "Bond" is defined as "any contractual obligation undertaken by Surety for Principal, *before or after*, the date of this agreement." (emphasis added). These provisions clearly indicate the parties acknowledged and intended the two agreements to be part of one unitary act.

We also note appellant George Shoppe, a major shareholder in MLE, had extensive experience in the construction business. His experience, by necessity, would include a familiarity with the terms payment bond, performance bond, and indemnity contract. He knew that by signing the indemnity agreement he was obliged to compensate respondent if respondent incurred losses covered by the agreement.

We find further support for our decision in the general provisions section of the indemnity agreement, which provides:

> N. The Undersigned waive any defense that this instrument was executed subsequent to the date of any such bond, admitting and covenanting that such bond was executed pursuant to the Undersigned's request and in reliance on the Undersigned's promise to execute this instrument.

We do not assert consideration can be waived. Nonetheless, this provision provides strong evidence that respondent's issuance of the performance and payment bonds served as consideration for appellants' promise to execute the subsequent indemnity agreement. This conclusion recognizes that in the construction business issuance of bonds in exchange for a promise to execute an indemnity agreement, as occurred in this case, is an accepted and common way of doing business.

Finally, public policy dictates the enforcement of this indemnity agreement to provide incentive in the form of security for surety companies that issue bonds. In *Elk River,* the supreme court observed:

> There would be no occasion for the indemnity agreement if the assets of the contractor were considered adequate to guard the surety against ultimate loss. While it is true that the surety company is compensated for its services in executing the bond required by the statute, it is also true that those engaged in the compensating surety business will not execute such bonds unless they are first satisfied that they will be able to recoup any loss sustained by reason of the suretyship. Where, as here, a company becomes surety in reliance upon the indemnity agreement, and so indicates in writing, there is no reason of which we are aware why the courts of this state should exert either legal or equitable powers to

remove the loss from the shoulders of the party upon whom it has fallen. *Elk River,* 268 Minn. at 295, 129 N.W.2d at 316–17.

## II.

*Statute of Frauds*

 Appellants argue respondent's claim is barred by the Statute of Frauds. *See* Minn.Stat. § 513.01. This statute provides in part:

> No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, *expressing the consideration,* is in writing, and subscribed by the party charged therewith:
>
> \* \* \* \* \* \*
>
> (2) Every special promise to answer for the debt, default or doings of another;
>
> \* \* \* \* \* \*

*Id.* (emphasis added). We reject appellants' claim and hold that the introductory line of the indemnity agreement supplies the necessary expression of consideration. There, the agreement identifies as consideration the issuance of bonds "written on behalf of MLE Plumbing & Heating, Inc." Thus, an adequate expression of consideration existed in the indemnity agreement to satisfy statute of frauds.

## DECISION

The trial court correctly granted summary judgment to respondent.

Affirmed.